On petitioner's reconsideration filed October 10, 1985 of former opinion filed August 7, 1985 (74 Or App 722, 704 P2d 554), reconsideration allowed; petition for judicial review dismissed as moot April 23, reconsideration denied July 11, petition for review denied August 26, 1986 (301 Or 666)

## COOK,
dba Gresham Health Center
Nurse Practitioner Clinic,
*Petitioner,*

*v.*

## WORKERS' COMPENSATION DEPARTMENT,
*Respondent.*

(5-1984; CA A33602)

717 P2d 658

Vernon Cook, Gresham, for petition.

Theodore C. Falk and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland, filed a brief *amicus curiae* for Nurse Practitioners Special Interest Group.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner filed a petition for review of our decision, which we treat as a petition for reconsideration. ORAP 10.10. We allow reconsideration and dismiss the original petition for judicial review as moot.

Petitioner filed what she denominated as a "Petition for Review of an Order Adopting a Rule." It in effect is a challenge to a rule of the Workers' Compensation Department pursuant to ORS 183.400(1). We issued a decision that the case was "affirmed without opinion." 74 Or App 722, 704 P2d 554 (1985).

The rule, OAR 436-69-301, was challenged as not being properly adopted, not within the statutory authority of the department and unconstitutional. In general, it relates to who may provide medical services to injured workers and receive reimbursement under the Workers' Compensation Act. Although the entire rule was included in the challenge, in reality petitioner objects only to the subsection relating to nurse practitioners.

■ Subsequent to our decision, the Workers' Compensation Department substantially amended the rule, effective January 1, 1986.[1] A significant amendment of a rule challenged under ORS 183.400(1) while a decision is pending essentially moots the challenge. *Amicus* agrees that some of the initial objections to the rule are removed by the amended rule but argues that there are other objections that the amendment does resolve. However, *amicus* is not the petitioner; if petitioner wishes to seek review of the amended rule, she may do so.

■ ■ Petitioner and *amicus* also contend that we must issue a written opinion in most cases and especially cases brought under ORS 183.400. We agree with the point only as to ORS 183.400 proceedings and not for the reasons advanced in the petition for reconsideration or the brief of *amicus*. A challenge to an administrative rule filed in this court under ORS 138.400(1) is in essence an original proceeding and our determination as to the validity of the rule should, in most instances, be by a written decision. We cannot simply affirm

---

[1] The rule has since been renumbered OAR 436-10-050.

without opinion, because there is no decision of a lower tribunal to affirm. A sufficient written decision in this case would have been a simple statement that the rule is upheld. However, because the rule challenged has been amended, our decision is that the petition is moot and must be dismissed.

Reconsideration allowed; petition for judicial review dismissed as moot.